HACKER, LEA & CO. *v.* ANDREW ROBESON, Jr., and others.

A bill in equity, to obtain an account of certain assets claimed by the complainants as creditors of the respondents, is not demurrable for want of equity because it states that the complainants have assigned their claim against the respondents to one of the latter, by an instrument which, as executed, gives power by its terms to said respondents to retain said claim, but which was not intended so to do, having been so executed by mistake, and contrary to the design of all parties concerned.

DEMURRER to a bill in equity to obtain an account.

The material facts upon which the decision of the case turned are sufficiently set forth in the opinion of the court.

*Ellis Ames, of Massachusetts, for the respondents, in support of the demurrer.*

*Payne and Colwell, for the complainants, contra.*

AMES, C. J. This is a demurrer to a bill in equity, filed by the plaintiffs against the assignees of the late firm of Andrew Robeson & Sons and Andrew Robeson, Jr., one of said firm, for an account of certain surplus assets of said firm, claimed by the plaintiffs as creditors of said firm, and which remained after the nominal payment of the debts of the firm by said assignees out of the assets, at an appraised value. The contest arises out of an assignment by the plaintiffs of their original debt, and a portion of a debt purchased by them of William H. King & Co., to Andrew Robeson, Jr., which, as the bill states, did not, as agreed by the parties, embrace a right to said surplus, but which the defendants claim was so agreed and executed. The bill further states, that, as executed, it was, in this respect, executed by mistake of both parties, and ought to be amended and reformed.

Upon looking over the bill we can perceive no want of equity making it demurrable,—nothing which, if the statements of the bill are admitted by the answer or fully proved, would prevent the plaintiffs from having the relief that they ask. Without aid from the answer, and especially against it, the plaintiffs' case may be difficult of proof, in the face of the terms of their assignment of their claims to A. Robeson, Jr. ; but we have no right to say, on demurrer, that it may not receive this aid, or be proved to the satisfaction of the court. This is not a bill for specific performance, but for an account, to which the plaintiffs are, as they state their case, clearly entitled, unless cut off by the terms in which they have assigned their account, and the difficulties in which these may involve them in proof. We cannot prejudge such questions of evidence and matters of proof, upon our own preconceptions, or until they come before us upon the issues made by the answer and replication, and the offer of proof, or we should try *a* case indeed, but not *the* case of the parties.

The case tried, upon demurrer to the bill, between the same parties and in relation to the same matter, in Massachusetts, does not, in our view, conclude this : the bill here, stating the contract differently, and alleging that the paper, drawn to carry it out, omitted by mistake the very particular exception out of which this litigation is said to have arisen, contrary to the design of both parties. Saving all questions, however, discussed before us, until, upon full hearing, we can obtain a complete view of the case, our proper course now is, to overrule this demurrer with costs, and order the defendant to answer over to the bill.